**Esther H. WILHELM, Appellant–
Petitioner,**

v.

**Frank H. WILHELM, Appellee–
Respondent.**

No. 46A03–9012–CV–560.

Court of Appeals of Indiana,
Third District.

Sept. 26, 1991.

Stephen A. Kray, LaPorte, for appellant-petitioner.

Wesley G. Kipp, LaPorte, for appellee-respondent.

HOFFMAN, Judge.

The sole issue for review is whether the trial court erred in awarding attorney's fees against an attorney who declined to reveal a matter of defense prior to a hearing.

The facts relevant to the appeal disclose that Esther and Frank Wilhelm divorced in

February of 1984. On November 3, 1988, the trial court granted Esther's petition to modify custody and placed the parties' minor child, Dawn, in Esther's custody. The court also ordered Esther to remove Dawn's personal belongings from Frank's property within seven days of the order and to send quarterly progress reports to Frank regarding Dawn's counseling sessions. On January 26, 1990, Frank filed a petition for rule to show cause why Esther should not be held in contempt of court for failing to comply with the November order. Prior to a hearing on the petition, Esther's attorney received a letter from Dawn's counselor informing him that Dawn's progress reports were not sent to either parent because Dawn had refused to sign a release. Esther's attorney disclosed the contents of the letter at the hearing on August 24, 1990. On September 19, 1990, the court denied Frank's petition for rule to show cause but ordered Esther's attorney to pay $300.00 in attorney's fees to Frank's attorney for failing to forward the letter to Frank prior to the hearing. This appeal ensued.

The trial court found Esther's attorney's conduct in failing to forward the letter "inexcusable as an attorney and officer of the Court," and "an abuse of both the Court's time and the interest of justice." However, the court's November order required only that Frank be sent quarterly progress reports of the counseling sessions, and neither Esther nor her attorney had ever received any progress reports from the counselor. Contrary to Frank's assertion, there were never any discovery requests or orders prior to the hearing; therefore, Ind.Trial Rule 37(B) does not apply to this case. Furthermore, if Esther's attorney had forwarded the letter to Frank prior to the hearing, he would have revealed a matter of defense without a specific order to do so. The trial court's award of attorney's fees is reversed.

Reversed.

GARRARD and SULLIVAN, JJ., concur.